UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Nelson and Gary Larson, as Trustees of the Painters and Allied Trades District Counsel No. 82 Health Care Fund and the Painters and Allied Trades District Counsel No. 82 Vacation Fund; Terry Nelson and William Grimm, as Trustees of the Minneapolis Local 386 Drywall Finishing Industry Pension Fund; Terry Nelson and Gary Larson, as Trustees of the Minneapolis Paining Industry Pension Fund; Terry Nelson and Robert Swanson, as Trustees of the Minnesota Finishing Trades Training Funds; and each of their successors, | Case No. 09-CV-2406 (PJS/SRN) |
| Terry Nelson and John Nakasone, as Trustees of the St. Paul Painting Industry Pension Fund; and each of their successors, | |
| Plaintiffs, | **DEFENDANT JORGE RESTREPO'S ANSWER** |
| vs. | |
| Spectrum Custom Designs, Inc. and Jorge Restrepo, individually, | |
| Defendants. | |

For his Answer to the Complaint, Defendant Jorge Restrepo states and alleges as follows:

Except as hereinafter admitted, qualified, or otherwise answered, Restrepo denies each and every allegation in the Complaint.

1.	With respect to the allegations contained in Paragraph 1 of the Complaint, Restrepo states that he is without information sufficient to form a belief as to the truth or falsity of the allegations.

2.	With respect to the allegations contained in Paragraph 2 of the Complaint, Restrepo states that he is without information sufficient to form a belief as to the truth or falsity of the allegations.

3.	With respect to the allegations contained in Paragraph 3 of the Complaint, Restrepo states that he is without information sufficient to form a belief as to the truth or falsity of the allegations.

4.	With respect to the allegations contained in Paragraph 4 of the Complaint, Restrepo admits that Spectrum Custom Designs, Inc. ("Spectrum") is a Minnesota corporation with a registered address of 5401 Opportunity Court, Minnetonka, Minnesota 55343. The remaining allegations consist of a legal conclusion and therefore are not susceptible to a responsive pleading.

5.	With respect to the allegations contained in Paragraph 5 of the Complaint, Restrepo admits that he is the owner of Spectrum. Restrepo denies the remaining allegations in Paragraph 5.

6.	The allegations contained in Paragraph 6 contain legal conclusions and characterizations of Plaintiffs' claims and, therefore, are not susceptible to a responsive pleading.

7.     With respect to the allegations contained in Paragraph 7 of the Complaint, Restrepo states that he is without information sufficient to form a belief as to the truth or falsity of the allegations.

8.     Paragraph 8 simply incorporates previous paragraphs of the Complaint.

9.     With respect to the allegations contained in Paragraph 9 of the Complaint, Restrepo states that Spectrum entered into a Collective Bargaining Agreement (the "Agreement") with the unions identified therein. The Agreement speaks for itself.

10.    Restrepo denies the allegations contained in Paragraph 10 of the Complaint, except to state that the Agreement and the Letter of Intent speak for themselves.

11.    With respect to the allegations contained in Paragraph 11, Restrepo states that he is not personally bound by the terms of the Agreement.

12.    With respect to the allegations contained in Paragraph 12 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

13.    With respect to the allegations contained in Paragraph 13 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

14.    With respect to the allegations contained in Paragraph 14 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

15.     With respect to the allegations contained in Paragraph 15 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, Restrepo states that the Agreement speaks for itself. Restrepo further states that he is not personally bound by the terms of the Agreement.

18.     Paragraph 18 simply incorporates previous paragraphs of the Complaint.

19.     With respect to Paragraph 19 of the Complaint, Restrepo admits that Plaintiffs requested to review certain business records of Spectrum, which access has been granted.

20.     With respect to Paragraph 20 of the Complaint, Restrepo states that he did not personally employ any individuals and, therefore, he denies the allegations.

21.     With respect to Paragraph 21 of the Complaint, Restrepo states that the referenced audit invoice speaks for itself.

22.     Restrepo denies the allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 simply incorporates previous paragraphs of the Complaint.

24.     Restrepo denies the allegations contained in Paragraph 24 of the Complaint because he is not personally bound by the Agreement and, therefore, he did not breach it.

25. Restrepo denies the allegations contained in Paragraph 25 of the Complaint because he is not personally bound by the Agreement and, therefore, he did not breach it.

26. With respect to Paragraph 26 of the Complaint, Restrepo states that he did not personally employ any individuals and, therefore, he denies the allegations.

27. Restrepo denies the allegations contained in Paragraph 27 of the Complaint.

28. With respect to Paragraph 28 of the Complaint, Restrepo states that he does not personally employ any individuals and, therefore, he denies the allegations.

29. Restrepo denies the allegations contained in Paragraph 29 of the Complaint.

30. Restrepo denies the allegations contained in Paragraph 30 of the Complaint.

31. Restrepo denies the allegations contained in Paragraph 31 of the Complaint.

32. Restrepo denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 simply incorporates previous paragraphs of the Complaint.

34. Restrepo denies the allegations contained in Paragraph 34 of the Complaint.

35. Restrepo denies the allegations contained in Paragraph 35 of the Complaint.

36. Restrepo denies the allegations contained in Paragraph 36 of the Complaint.

37. Restrepo denies the allegations contained in Paragraph 37 of the Complaint.

38. Restrepo denies the allegations contained in Paragraph 38 of the Complaint.

39. Restrepo denies the allegations contained in Paragraph 39 of the Complaint.

## **AFFIRMATIVE DEFENSES**

40. Plaintiffs' claims against Restrepo must be dismissed because Restrepo is not personally bound by the terms of the Agreement.

41. Plaintiffs' claims against Restrepo fail in whole or in part because Plaintiffs failed to mitigate their damages.

42. Plaintiffs' claims against Restrepo fail under the doctrines of estoppel, waiver, laches, and unclean hands.

43. Plaintiffs' claims against Restrepo fail pursuant to Restrepo's right to setoff.

WHEREFORE, Jorge Restrepo demands judgment against Plaintiffs as follows:

1. Dismissing Plaintiffs' claims against Restrepo with prejudice;

2. Judgment against Plaintiffs for Restrepo's costs and attorneys' fees incurred herein; and

3. For such other and further relief as the Court deems just and equitable.

Dated: April 15, 2010

s/ Leah C. Janus
James L. Baillie (#3980)
Steven Z. Kaplan (#53739)
Leah C. Janus (#337365)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

ATTORNEYS FOR JORGE RESTREPO

4727364_1.DOC